UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LUTHER SEAY a.k.a LUTHER D. SEAY, JR.,

                            Plaintiff,                5:24-cv-1468 (BKS/MJK)

v.

KENNETH M. CHRISTOPHER, WILLIAM J.
FITZPATRICK, HON. JUDGE DOHERTY, ANN
USBORNE,

                            Defendants.
_____

**Appearances:**

*Plaintiff, pro se:*
Luther D. Seay Jr.
93001306
Onondaga County Justice Center
555 S. State Street
Syracuse, New York 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

Plaintiff Luther D. Seay, Jr. commenced this action pro se in the Northern District of New York asserting claims under 42 U.S.C. § 1983. (Dkt. No. 1). This matter was referred to United States Magistrate Judge Mitchell J. Katz who, on January 6, 2025, issued a Report-Recommendation recommending that Plaintiff's motion to proceed in forma pauperis be granted, that Plaintiff's claims as stated in his Fourth Amended Complaint, (Dkt. No. 11), against District Attorney William Fitzpatrick, Judge Mary Anne Doherty, and Kenneth M. Christopher be dismissed with prejudice, and that Plaintiff's claims as stated in his Fourth Amended Complaint, (Dkt. No. 11), against Ann Usborne be dismissed without prejudice with leave to amend. (Dkt. No. 12). Magistrate Judge Katz advised Plaintiff that under 28 U.S.C. § 636(b)(1), he had

fourteen days within which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review. (*Id.* at 12–13). Magistrate Judge Katz directed that "before plaintiff submits any amended pleading, he should wait for the District Court to rule on the above Orders and Recommendations." (*Id.* at 12).

No objections to the Report-Recommendation have been filed. As no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 229 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. The Court has reviewed the Report-Recommendation for clear error and found none.

After the Report-Recommendation was filed, Plaintiff filed a Fifth Amended Complaint, Sixth Amended Complaint, Seventh Amended Complaint, Eighth Amended Complaint and two motions to appoint counsel. (Dkt. Nos. 13–17). The amended complaints were filed in violation of Fed. R. Civ. P. 15(a), because Plaintiff had exhausted his right to amend as a matter of course and filed them without leave from the court or written consent from the opposing parties. The amended complaints violated Judge Katz's direction that Plaintiff wait for the Court to rule on the Report-Recommendation before submitting any additional amended pleadings. (Dkt. No. 12, at 12). Accordingly, the Fifth, Sixth, Seventh and Eighth Amended Complaints are stricken as improperly filed.

With respect to Plaintiff's motions to appoint counsel, there is no right to appointment of counsel in civil matters. *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). Title 28 of United States Code Section 1915 specifically provides that a court may request an attorney to represent any person "unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel must be done carefully in order to preserve the "precious commodity" of volunteer lawyers for those

litigants who truly need a lawyer's assistance. *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172-73 (2d Cir. 1989). In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination. *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986)). Here, having found that Plaintiff's complaint should be dismissed, the Court cannot at this point find that Plaintiff's claims are "likely to be of substance," *Hodge*, 802 F.2d at 61, and the motions to appoint counsel are denied without prejudice.

Accordingly, the Court adopts Magistrate Judge Katz's Report-Recommendation in its entirety.

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 12) is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's Fourth Amended Complaint (Dkt. No. 11) is **DISMISSED with prejudice** against District Attorney William Fitzpatrick, Judge Doherty and Kenneth M. Christopher for failure to state a claim; and it is further

**ORDERED** that Plaintiff's Fourth Amended Complaint (Dkt. No. 11) is **DISMISSED without prejudice** against Ann Usborne with leave to amend; and it is further

**ORDERED** that any amended complaint must be filed within thirty days of this Order, and if Plaintiff fails to file an amended complaint this case will be dismissed without further action; and it is further

**ORDERED** that Plaintiff's Fifth Amended Complaint (Dkt. No. 14), Sixth Amended Complaint (Dkt. No. 15), Seventh Amended Complaint (Dkt. No. 15-1) and Eighth Amended Complaint (Dkt. No. 16) are **STRICKEN** as improperly filed; and it is further

**ORDERED** that Plaintiff's motion to proceed in forma pauperis (Dkt. No. 6) is **GRANTED**, and it is further

**ORDERED** that Plaintiff's motions to appoint counsel (Dkt. Nos. 13, 17) are **DENIED without prejudice**; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 29, 2025
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge